OPINION
{¶ 1} Plaintiff-appellant, Tami S. Hagberg, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Cincinnati Insurance Company ("defendant" or "Cincinnati Insurance"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case arises from an automobile collision which occurred on June 6, 2003, and involved plaintiff and the alleged tortfeasor, Ashley Leonard. As a result of the collision, plaintiff sustained significant bodily injury. On June 3, 2005, plaintiff filed a complaint in the Franklin County Court of Common Pleas seeking a declaratory judgment *Page 2 
and also alleging breach of contract. The complaint alleged that Ms. Leonard's negligent conduct caused the collision and that Ms. Leonard was an underinsured motorist ("UIM"). Under the "UNDERINSURED MOTORIST COVERAGE" heading within her complaint, plaintiff alleged that the automobile insurance policies issued to plaintiff's employer, Nelson Homes, contains coverage for her injuries. The complaint states that she has recovered $1,300,000 from the tortfeasor's policy and her own UM/UIM policy, and that plaintiff "has sustained hundreds of thousands of dollars of medical bills which are continuing and has suffered severe and permanent physical injuries." It further states that the insurance proceeds were insufficient to cover the damages plaintiff sustained in the crash. Under the "COUNT ONE (DECLARATORY JUDGMENT)" heading within the complaint, plaintiff requests "that the Court declare liability coverage available under each policy issued by defendant covering plaintiff and order defendant to pay for plaintiff's damages." Under the "COUNT TWO (BREACH OF CONTRACT)" heading, the complaint states that the coverage sections of the insurance policies covering plaintiff were breached because defendant refused to compensate plaintiff for damages she suffered as a result of the negligence of Ms. Leonard, and for the inadequate limits of the insurance available to plaintiff.
 {¶ 3} On January 4, 2006, and pursuant to Civ.R. 56(B), Cincinnati Insurance filed a motion for summary judgment on the grounds that no genuine issue of material fact existed with regard to the allegations set forth in plaintiff's complaint. In support of its motion for summary judgment, Cincinnati Insurance argued that plaintiff does not qualify for UIM benefits under the two policies of insurance issued to Nelson Homes; i.e., the *Page 3 
Commercial Common Policy ("Commercial Policy") or the Commercial Umbrella Policy ("Umbrella Policy").
 {¶ 4} On February 8, 2006, plaintiff filed her memorandum in opposition to defendant's motion for summary judgment. Plaintiff asserted that defendant had moved for summary judgment to declare that plaintiff is not entitled to UIM coverage from defendant, and she outlined the reasons set forth by defendant for why she is not entitled to UIM coverage under the two pertinent insurance policies. In her memorandum, plaintiff argued that defendant failed to address the fact that the policies provide "excess" coverage, independent of uninsured motorist ("UM") or UIM coverage. In support of her argument, plaintiff asserted that defendant's "Commercial General Liability Policy Expressly Covers Plaintiff's Bodily Injuries," and that defendant's "Commercial Umbrella Policy Also Expressly Cover [sic] Plaintiff's Bodily Injuries." Plaintiff also argued that UM/UIM coverage arose by operation of law in the absence of an unambiguous timely rejection of said coverage. Plaintiff's memorandum did not allege that she, or an insured, was liable in tort to any person or entity in connection with the automobile collision.
 {¶ 5} On February 23, 2006, defendant filed its reply memorandum in support of its motion for summary judgment. In its reply memorandum, defendant argued, inter alia, that the Commercial Policy does not provide "excess coverage" for plaintiff's UIM claims.
 {¶ 6} In its June 5, 2006 decision granting defendant's motion for summary judgment, the trial court recognized that plaintiff asserted that the Commercial Policy provides excess coverage to her even after she has exhausted the limits of all underlying coverage. The trial court resolved that plaintiff is not covered under either of defendant's *Page 4 
policies issued to Nelson Homes. On that basis, the trial court granted defendant's motion for summary judgment.
 {¶ 7} Defendant timely appealed from the trial court's judgment. In her appellate brief, plaintiff sets forth a statement of three issues presented for review but does not separately set forth a statement of the assignments of error presented for review, as required by App.R. 16(A)(3). In the interest of justice, we construe those issues as assignments of error. Accordingly, in this appeal, plaintiff asserts the following three assignments of error:
 1. * * * [T]he Trial Court err[ed] in granting summary judgment in favor of Appellee with regard to the Commercial General Liability Policy and the Umbrella Policy on the theory that Appellant was not eligible for UM/UIM coverage where Appellant is not seeking UM/UIM coverage, but rather, excess coverage for bodily injury liability[.]
 2. * * * [T]he Trial Court err[ed] in granting summary judgment where genuine issues of material fact remained regarding the proper interpretation of insurance contracts which, at a minimum, are ambiguous[.]
 3. * * * [T]he Trial Court err[ed] in determining that there were no genuine issues of material fact where Appellee presented no evidence that the waiver of underinsured motorist coverage was received prior to the onset of the policy term[.]
 {¶ 8} This is an appeal from the trial court's granting of summary judgment in favor of defendant. Appellate review of a trial court's granting of summary judgment is de novo. Mitnaul v. FairmountPresbyterian Church, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for *Page 5 
summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v.State Emp. Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 9} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. In other words, the burden of demonstrating an entitlement to summary judgment rests with the moving party who must direct the court's attention to properly admissible evidence which demonstrates that the nonmoving party cannot support his or her claim or defense. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 10} For ease of analysis, we will address plaintiff's assignments of error out of order. We first address plaintiff's third assignment of error, which challenges the trial court's determination that there was a valid rejection of UM/UIM coverage under the Umbrella Policy. In her reply brief in this appeal, plaintiff concedes that she is not entitled to UM/UIM coverage under the Commercial Policy or the Umbrella Policy. For that reason, we overrule plaintiff's third assignment of error.
 {¶ 11} Under her second assignment of error, plaintiff argues that summary judgment was inappropriate because the Commercial Policy is ambiguous and genuine *Page 6 
issues of material fact remain regarding the proper interpretation of the insurance policy. Plaintiff further argues that the ambiguity in the Commercial Policy regarding coverage should be resolved against the insurer, defendant. We find these arguments to be unpersuasive.
 {¶ 12} "The interpretation of an insurance policy is a question of law that an appellate court reviews de novo, without deference to the trial court." Blair v. Cincinnati Ins. Co., 163 Ohio App.3d 81,2005-Ohio-4323, at ¶ 8, citing Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108. When the language of an insurance policy is clear and unambiguous, the policy must be enforced as written, with the words given their plain and ordinary meaning.Cincinnati Indemn. Co. v. Martin (1999), 85 Ohio St.3d 604, 607, citingHybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665. However, "`[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.'" Clark v. Scarpelli (2001), 91 Ohio St.3d 271, 282, quotingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
 {¶ 13} In this case, plaintiff does not direct this court to any ambiguity in the language of the Commercial Policy. Rather, plaintiff simply argues that she is entitled to "excess coverage" based on the facts of this case and her interpretation of the Commercial Policy. In that regard, plaintiff asserts that excess coverage is applicable to "bodily injury" caused by "automobiles," and that she suffered bodily injury caused by an automobile while she was in the course and scope of her employment with Nelson Homes. We find that the provisions of the Commercial Policy that plaintiff relies upon in *Page 7 
this appeal unambiguously relate to the extent of liability coverage for an insured in connection with bodily injury caused by an occurrence. However, simply because plaintiff asserts that she is entitled to excess coverage under the Commercial Policy for her own bodily injury, or for what she labels as "bodily injury liability," does not create ambiguity in the policy. Therefore, we overrule plaintiff's second assignment of error.
 {¶ 14} Lastly, we address plaintiff's first assignment of error, which alleges that the trial court erred in granting summary judgment in favor of defendant on the basis that plaintiff is not eligible for UM/UIM coverage because, according to her, she was seeking "excess coverage for bodily injury liability." Plaintiff also asserts that defendant moved for summary judgment only as to any UM/UIM claim made by her. Additionally, plaintiff alleges that the trial court erroneously granted summary judgment in favor of defendant because it misunderstood her claims. Therefore, plaintiff argues that the issue of whether she is entitled to excess coverage has yet to be reviewed by the trial court and, therefore, is not properly before this court. These arguments are unavailing.
 {¶ 15} In her complaint, plaintiff clearly alleged UIM coverage under the policies issued to Nelson Homes and set forth causes of action for declaratory judgment and breach of contract. She alleged that defendant breached the coverage sections of the insurance policies issued to Nelson Homes. Additionally, she requested that the trial court declare "liability coverage" available under each policy. Although the complaint sought a declaration by the trial court that plaintiff is entitled to "liability coverage," the complaint did not allege that any insured under the insurance policies issued by defendant was liable in tort to any person or entity in connection with the automobile collision. *Page 8 
 {¶ 16} A review of defendant's motion for summary judgment reveals that defendant was moving for summary judgment as to all of plaintiff's claims. Defendant requested the trial court to grant summary judgment in its favor as to plaintiff's "claims in their entirety." Defendant did not move for partial summary judgment. In its memorandum in support of its motion, defendant analyzed why plaintiff is not entitled to UM/UIM coverage under the pertinent insurance policies. It is clear from a review of defendant's motion for summary judgment that it viewed plaintiffs claims as being premised on the existence of UM/UIM coverage. Based on that assessment, defendant moved for summary judgment on the basis that plaintiff is not entitled to UM/UIM coverage.
 {¶ 17} To the extent defendant demonstrated its understanding that plaintiff's complaint was asserting claims solely based on an allegation of UM/UIM coverage, plaintiff had the opportunity to inform the trial court that her claims were not solely based on alleged UM/UIM coverage, but also were based on other coverage. Plaintiff responded to the motion for summary judgment by arguing that she was alleging "excess coverage," independent of UM/UIM coverage. She specifically alleged that the excess coverage, pursuant to liability coverage provisions in the policies, was for bodily injuries she suffered as a result of the automobile collision. Although plaintiff attempted to clarify that she was asserting a claim for "excess coverage," independent of UM/UIM coverage, she did not allege that she was seeking coverage for the liability of herself or an insured, as she does in this appeal. Thus, even though she was relying upon liability coverage provisions in the policies, there was no indication in plaintiff's memorandum in opposition *Page 9 
to the motion for summary judgment that she was pursuing a claim that she was entitled to liability coverage, i.e., coverage for her liability to a person or entity.
 {¶ 18} Furthermore, plaintiff's argument that she is entitled to coverage for her own bodily injuries resulting from the automobile collision pursuant to liability coverage provisions of the policies is simply nonsensical. Apparently recognizing the fallacy of this argument, plaintiff, in her reply brief in this appeal, has developed an argument that she is entitled to coverage, as an insured, for her legal obligation to pay her medical insurer as a result of the bodily injury she sustained in the automobile collision caused by the underinsured tortfeasor. In other words, she argues that she is entitled to coverage for her liability to her medical insurer in connection with the bodily injury she sustained as a result of the automobile collision caused by Ms. Leonard, the tortfeasor. However, the liability coverage provisions plaintiff relies upon in this appeal specifically provide that the insurance does not apply to liability assumed under any contract or agreement. Therefore, plaintiff's contention that she is entitled to liability coverage due to her obligation to her medical insurer is meritless.
 {¶ 19} Based on the foregoing, we conclude that it was not error for the trial court to grant summary judgment in favor of defendant. Accordingly, we overrule plaintiff's first assignment of error.
 {¶ 20} Having overruled all three of plaintiff's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and KLATT, JJ., concur. *Page 1